**Merwan HARAHAP; Riasari Susanti Laoh; Arthur Davis Riawan Sabathino, Petitioners**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 06–4386.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 17, 2008.

Filed: April 21, 2008.

Joyce A. Phipps, Esq., Plainfield, NJ, for Petitioners.

Matt A. Crapo, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Jeffrey L. Menkin, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SCIRICA, Chief Judge, AMBRO and FISHER, Circuit Judges.

1. Harahap and Laoh also have a younger daughter who is a United States citizen by birth.

2. Under 8 C.F.R. § 1208.3(a), the information in Harahap's application also applies to the

## OPINION

AMBRO, Circuit Judge.

Merwan Harahap, his wife Riasari Susanti Laoh, and their son Arthur Davis Riawan Sabathino,[1] arrived in the United States in 1997. All three are natives and citizens of Indonesia. In 2002 Harahap applied for asylum, withholding of removal, and protection under the Convention Against Torture.[2] An Immigration Judge found him eligible for removal, denied his application, and granted voluntary departure. The Board of Immigration Appeals affirmed the IJ's decision. Harahap petitions our Court for review. We deny the petition.

Harahap does not argue that the BIA erred with respect to his asylum and CAT-protection claims. We deem issues not raised on appeal to be waived. *See, e.g., Emerson v. Thiel*, 296 F.3d 184, 190 n. 5 (3d Cir.2002). This appeal, therefore, deals solely with the withholding-of-removal claim.

## I. Jurisdiction and Standard of Review

We have jurisdiction to review final orders of the BIA. 8 U.S.C. § 1252(a). But we lack jurisdiction over claims not raised before the BIA. *Id.* § 1252(d)(1)(requiring aliens to exhaust administrative remedies before petitioning a court for review); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003) ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim.").

requests for relief by Laoh (as his wife) and Sabathino (as his minor child). In this opinion, we will refer solely to Harahap as the lead petitioner and treat Laoh's and Sabathino's claims as dependent on his.

Because the BIA relied on some of the IJ's findings without comment but discussed others in its opinion, the scope of our review includes both the BIA's and the IJ's decisions. *See Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004). We review factual determinations, including evaluations of Harahap's allegations of past and future persecution, under the substantial evidence standard. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir.2001). We review legal conclusions *de novo. Toussaint v. Att'y Gen.*, 455 F.3d 409, 413 (3d Cir.2006).

## II. Withholding of Removal

To obtain withholding of removal, Harahap must "establish that his ... life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b). He must show either a "[p]ast threat to life or freedom," *id.* § 208.16(b)(1), or a "[f]uture threat to life or freedom," *id.* § 208.16(b)(2). He claims that he experienced (and, if removed to Indonesia, would again experience) persecution as a result of his membership in the Seventh Day Adventist Church.[3]

### 1. Past Persecution

 Because Harahap did not provide evidence other than his own testimony to establish that he experienced past persecution in Indonesia, he needed to convince the IJ that his testimony was credible. *See id.* § 208.16(b) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."). But the IJ found Harahap's testimony to be not credible. Harahap did not challenge this finding before the BIA with any specificity, making only the conclusory claim that he "provided coherent and consistent testimony" in his notice of appeal and declining to address the issue in his brief to the BIA. Stating that Harahap "does not contest the adverse credibility finding," the BIA affirmed that finding. Thus, we have no jurisdiction to review the IJ's adverse credibility determination. Lacking credible testimony and corroborating evidence, Harahap's claim of past persecution must fail. *Id.; see Xie v. Ashcroft*, 359 F.3d 239, 241–42 (3d Cir.2004).

### 2. Future Persecution

 Harahap also argues that it is "more likely than not" he would be persecuted in the future if he returned to Indonesia. 8 C.F.R. § 208.16(b)(2).[4] For this claim, he relies on evidence of the conditions and human rights practices in Indonesia. The BIA rejected this claim even though it took administrative notice of State Department country reports from 2005. Substantial evidence supports the BIA's determination that the country reports "do not directly relate to respondent" and do not establish his eligibility for withholding of removal.[5]

\*　　\*　　\*　　\*　　\*　　\*

3. One of Laoh's grandfathers was Chinese, which could give rise to a claim of persecution based on race. Perhaps because of the perceived weakness of the issue, she did not raise this claim before the BIA.

4. Harahap also states that the IJ erred by applying a "clear and convincing" standard to his claims of persecution, rather than the proper "more likely than not" standard. This

argument is mistaken. The IJ used the words "clear and convincing" only in reference to the issue of Harahap's removability.

5. Harahap argues that his daughter's status as a U.S. citizen will lead to future persecution of his family. We have no jurisdiction over this claim because Harahap did not raise it before the BIA and thus failed to exhaust it administratively.

98

For these reasons, we deny the petition for review.